**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL GOLDEN FOODS, INC., | |
| Plaintiff, | No. 1:23-cv-2803 |
| v. | Hon. Franklin U. Valderrama |
| SAFFRONIA, INC., a California corporation, and MOHAMMED REZA SAFARI, individually, a/k/a CYRUZ SAFARI | |
| Defendants. | |

**ORDER**

This is a breach of contract action brought by Plaintiff, International Golden Foods (IGF), an Illinois corporation, against Defendants Saffronia, Inc. (Saffronia), a California corporation, and Mohammed Reza Safari (Safari), the principal shareholder of Saffronia and a California resident (collectively, Defendants). IGF alleges that Defendants failed to pay for goods delivered pursuant to their contractual obligations. R. 1, Compl.[1]

Before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(2), (3), and (6), arguing that IGF's complaint should be dismissed based on lack of personal jurisdiction, improper venue, and failure to state a claim. R. 19, Mot. Dismiss; R. 19-1, Memo. Mot. Dismiss. For the following reasons, Defendants' Motion

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

to Dismiss is granted.

## BACKGROUND[2]

IGF, a food products distributor in Bensenville, Illinois, contracted with Defendants, a California corporation and a California resident, for the sale and delivery of food and other related items. Compl. ¶¶ 7, 11.

Beginning in the fall of 2020, IGF supplied various food and related items to Defendants in California over the span of approximately twenty-two months. Compl. ¶¶ 13, 15. Upon receipt, according to Sarari, IGF resold these products to Amazon. *Id.* ¶ 14.

Several months after the initial deliveries, on June 3, 2021, Saffronia sought additional credit from IGF and entered into a credit agreement. *Id.* ¶ 17. This agreement was only partially executed because the negotiable instruments tendered by Defendants were returned uncollectible to IGF. *Id.* ¶ 17. In other words, Saffronia either failed to make payments or paid by checks that have not been honored, purportedly causing $317,660.00 in damages. *Id.* ¶ 8.

IGF sued Defendants in the United States District Court for the Northern District of Illinois, asserting claims for Breach of Contract (Count I); Account Stated (Count II); Quantum Meruit (Count III); Fraud (IV); and Guaranty (Count V). *See generally* Compl.

Defendants move to dismiss IGF's Complaint under Rule 12(b)(2), (3), and (6) for lack of personal jurisdiction, improper venue, and failure to state a claim. Since

---

[2]The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of Plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

the Court agrees with Defendants' challenge to personal jurisdiction, it declines to address the arguments regarding improper venue and failure to state a claim.

## LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). Fed. R. Civ. P. 12(b)(2). A plaintiff need not include facts alleging personal jurisdiction in the complaint, but once a defendant moves to dismiss the complaint under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citing *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000)).

In determining whether personal jurisdiction exists, courts accept all well-pleaded allegations in the complaint as true. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). When a court relies only on the pleadings to decide personal jurisdiction, and doesn't hold an evidentiary hearing, the plaintiff need only make out a *prima facie* case for personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (cleaned up).[3] Courts resolve factual disputes in the plaintiff's favor, but unrefuted assertions by the defendant will be accepted as true. *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020, n.1 (7th Cir. 2009).

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

3

ANALYSIS

By way of background, a federal court sitting in diversity has personal jurisdiction only where a court of the state in which it sits would have such jurisdiction. *Matlin v. Spin Master Corp.,* 921 F.3d 701, 705 (7th Cir. 2019) (cleaned up).

To determine whether this Court has jurisdiction over Defendants, the Court first considers whether the Illinois long-arm statute and the federal constitution permit the exercise of jurisdiction. *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013). The Illinois Long Arm Statute provides that courts may exercise jurisdiction on any basis allowed by the due process provisions of the Illinois and federal constitutions." *Spin Master*, 921 F.3d at 705. Put differently, the state statutory and federal constitutional inquiries merge. *Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010).

"The crucial inquiry is whether the defendant's contacts with the state are such that he should reasonably anticipate being haled into court there." *Int'l Med. Grp., Inc. v. Am. Arb. Ass'n, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002). To do so, the "defendant must have purposefully availed himself of the privilege of conducting activities in the forum state, invoking the benefits and protections of its laws." *Id.* Ultimately, "the question of personal jurisdiction hinges on the defendant's—not the plaintiff's— contact with the forum state." *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023). The plaintiff initially bears the burden of establishing personal jurisdiction. *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 884 (N.D. Ill.

4

2020).

Personal jurisdiction can be general or specific. *Tamburo*, 601 F.3d at 701. General jurisdiction exists where a defendant has 'continuous and systematic' contacts with the forum state and is subject to jurisdiction there in any action, even if the action is unrelated to those contacts. *Id*. The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Id*. (cleaned up).

For specific jurisdiction, "the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Id*. at 702. Specific jurisdiction exists where: (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of the defendant's forum-related activities; and (3) the exercise of specific personal jurisdiction comports with traditional notions of fair play and substantial justice as required by the Fourteenth Amendment's Due Process Clause. *Tamburo,* 601 F.3d at 702.

### A. General Jurisdiction

To begin, IGF does not assert that the Court has general jurisdiction over Defendants. *See generally* Compl.; R. 25, Resp. Accordingly, the Court will assess whether IGF has shown that the Court may instead exercise specific jurisdiction.

### B. Specific Jurisdiction

Defendants argue that the Court lacks specific personal jurisdiction over them, asserting that merely contracting with an Illinois corporation is not enough to

5

establish transacting business; the fungible goods at issue were delivered to California; and the parties' contracts did not select Illinois as the choice of law. Memo. Mot. Dismiss at 5–7 (citing, *inter alia*, *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017); *Goldberg v. Miller*, 874 F. Supp. 874, 877 (N.D. Ill. 1995)). Defendants further contend that the Complaint fails to allege that they were ever physically present in Illinois or that the parties executed contracts within the state. Nor does it allege that Defendants ever consented to jurisdiction in Illinois. Memo. Mot. Dismiss at 6–7. In Defendants' view, beyond the mere happenstance that Illinois is IGF's place of residence, the Complaint does not establish a basis for specific jurisdiction. *Id.* at 7.

IGF disagrees and insists that the Court has specific jurisdiction over Defendants, arguing that they "purposefully availed themselves of Illinois courts" by requesting both goods and credit from an Illinois company. Resp. at 6. According to IGF, entering into contracts and assuming obligations with an Illinois company suffices to establish specific jurisdiction. *Id*. (citing, *inter alia*, *Autotech Controls Corp., v. KJ Elec. Corp.*, 628 N.E.2d 990 (Ill. App. Ct. 1993)). However, the Defendants have the better of the argument, and the Court finds that IGF has not met its burden of establishing personal jurisdiction over the Defendants.

As previously noted, IGF alleges that Defendants breached a contract between the parties when they failed to pay for goods delivered by IGF. *See generally* Compl. When the plaintiff alleges a breach of contract, the question of specific personal jurisdiction "generally turns on whether the defendant purposefully availed himself

6

of the privilege of conducting business in the forum state." *Felland v. Clifton,* 682 F.3d 665, 674 (7th Cir. 2012). The mere fact that the defendant entered into "a contract with a forum resident is not enough, standing alone, to establish jurisdiction in the forum." *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 880 (7th Cir. 2019). Instead, courts "consider the parties prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Richardson RFPD, Inc. v. Nexus Techs., Inc*. 2021 WL 4264380, at *7-8 (N.D. Ill. Sept. 20, 2021).

Courts in this District also consider: (1) whether the contract was negotiated or executed in Illinois and whether it was to be performed in Illinois; (2) whether payment was made in Illinois; (3) whether the defendant was ever physically present Illinois in connection with contract; (4) whether the Illinois plaintiff or the out-of-state initiated the transaction; and (5) the occurrence of telephone calls or other communications to and from Illinois. *TATA Int'l Metals (Ams) Ltd v. Kurt Orban Partners, LLC*, 482 F.Supp.3d 737, 746 *N.D. Ill. 2020).

For starters, as Defendants correctly assert, merely contracting with an Illinois company is not enough to establish jurisdiction in the state. *See Lexington Ins. Co.*, 938 F.3d at 880; Memo. Mot. Dismiss at 5–7. Accordingly, IGF's Complaint must allege facts supporting additional jurisdictional hooks recognized in this Circuit, but fails to do so.

For example, the Complaint lacks information regarding where the contract was negotiated or whether the commercial transaction between IGF and Defendants

7

was initiated in Illinois. Similarly, IGF does not allege or provide evidence that the contract was performed in Illinois, that any of the goods came from Illinois, or that they were uniquely sourced from Illinois. Nor does IGF demonstrate that Safari was ever physically in Illinois in connection with the contract. Furthermore, the contract's terms do not include a choice of law provision. *See generally* Compl. Taken together, these deficiencies undermine any claim that Defendants deliberately availed themselves of the benefits of doing business with an Illinois company. IGF's reliance on *Autotech* does not alter this conclusion.

In *Autotech*, the plaintiff, an Illinois corporation that manufactured and distributed circuit boards, entered into a distributorship agreement with the defendant for the sale of its products to defendant's customers. *Autotech Controls Corp.*, 628 N.E.2d at 992. The court found that personal jurisdiction was proper because the defendant purposefully directed activities at the Illinois resident by placing telephone purchase orders and faxing written purchase orders to the plaintiff in Illinois. *Id.* at 994.

By contrast, in this case, there are no allegations or evidence that Defendants made purchase order telephone calls or sent written purchase orders to IGF in Illinois. While the Court may surmise that such is the case, it cannot deny the motion on the basis of conjecture.

In sum, the Court concludes that IGF has not made a *prima facie* showing of personal jurisdiction over Defendants.

## CONCLUSION

For the foregoing reasons, Defendants' Rule 12(b)(2) motion to dismiss is granted, and IGF's Complaint is dismissed without prejudice. IGF has leave to file an amended complaint by June 2, 2025. Failure to do so will result in dismissal of this action with prejudice.

Dated: May 9, 2025

United States District Judge
Franklin U. Valderrama